UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KELVIN O. MOSBY, JR., | ) | |
| Petitioner, | ) | |
| v. | ) | No. 4:15CV128 CEJ |
| JENNIFER SACHSE, | ) | |
| Respondent, | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner=s petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Because the petition appears to be barred by § 2254's one-year limitations period, the Court will order petitioner to show cause why the petition should not be dismissed.

Petitioner was charged with two counts of first-degree statutory sodomy on June 17, 2009. Missouri v. Mosby, No. 09SL-CR01821-01 (St. Louis County). A jury convicted defendant on both counts on March 16, 2011. Id. On May 19, 2011, the court sentenced defendant to concurrent terms of thirteen years' imprisonment. The Missouri Court of Appeals affirmed the judgment and sentences on June 5, 2012. Missouri v. Mosby, 367 S.W.3d 647 (Mo. Ct. App. 2012). Petitioner did not seek transfer to the Missouri Supreme Court. Missouri v. Mosby, No. ED96905 (Mo. Ct. App. 2012) (accessed on Case.net, https://www.courts.mo.gov/casenet/base/welcome.do).

Petitioner filed a pro se motion for postconviction relief under Missouri Court Rule 29.15 on May 6, 2013. Mosby v. Missouri, No. 13SL-CC01850 (St. Louis County) (accessed on Case.net). On March 14, 2014, the motion was dismissed as untimely. Id. Petitioner did not

appeal the dismissal. Petitioner filed the instant petition for writ of habeas corpus on January 12, 2015, which is the day he put it in the prison mailbox system.

Pursuant to 28 U.S.C. § 2244(d), a petitioner has one year from the date his judgment of conviction becomes final within which to file a petition for writ of habeas corpus. Where, as here, a Missouri petitioner does not seek transfer to the Missouri Supreme Court after direct appeal, his judgment becomes final upon expiration of the time within which to seek such discretionary review—that is, fifteen days after the court of appeals issues its opinion. Gonzalez v. Thaler, ___ U.S. ___, 132 S. Ct. 641 (2012); Mo. S. Ct. R. 83.02. Thus, in this case, petitioner=s judgment of conviction became final on June 20, 2012, fifteen days after the Missouri Court of Appeals affirmed his conviction on direct appeal. The Court will assume, for the sake of argument only, that the one-year limitations period was tolled during the pendency of petitioner=s untimely post-conviction proceedings, that is, from May 6, 2013, through March 14, 2014. Adding the 320 days between June 20, 2012, and May 6, 2013; and the 304 days between March 14, 2014, and the postmark date of January 12, 2015, a total of 624 days had elapsed by the date the petition was placed in the prison mailbox, thus making the petition untimely.

Nevertheless, the Court will not dismiss the petition *sua sponte*. Instead, petitioner will be given the opportunity to show cause why the petition should not be dismissed as time-barred. See Day v. McDonough, 126 S. Ct. 1675, 1684 (2006) (district court must give notice to petitioner before *sua sponte* dismissing petition as time-barred).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner shall have until **February 25, 2015** to show cause in writing why the petition should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to the order to show cause, the Court will dismiss this action without further proceedings. See 28 U.S.C. § 2254, Rule 4.

Dated this 20th day of January, 2015.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE