UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KELVIN O. MOSBY, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:15-CV-128 CEJ |
| | ) |
| JENNIFER SACHSE, | ) |
| | ) |
| Respondent, | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the petition of Kelvin O. Mosby, Jr., for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court directed petitioner to show cause why the petition should not be dismissed as untimely. Petitioner has not filed a timely response. Therefore, the Court finds that this action is time-barred and must be dismissed.

Petitioner was charged with two counts of first-degree statutory sodomy on June 17, 2009. Missouri v. Mosby, No. 09SL-CR01821-01 (St. Louis County). A jury convicted him on both counts on March 16, 2011. Id. On May 19, 2011, the court sentenced him to concurrent terms of thirteen years' imprisonment. The Missouri Court of Appeals affirmed the judgment and sentences on June 5, 2012. Missouri v. Mosby, 367 S.W.3d 647 (Mo. Ct. App. 2012). Petitioner did not seek transfer to the Missouri Supreme Court. Missouri v. Mosby, No. ED96905 (Mo. Ct. App. 2012) (accessed on Case.net, https://www.courts.mo.gov/casenet/base/welcome.do).

Petitioner filed a pro se motion for postconviction relief under Missouri Court Rule 29.15 on May 6, 2013. Mosby v. Missouri, No. 13SL-CC01850 (St. Louis County) (accessed on Case.net). On March 14, 2014, the motion court dismissed the case as untimely. Id. Petitioner

did not file an appeal. Petitioner filed the instant petition for a writ of habeas corpus on January 12, 2015 by placing it in the prison mailbox system.

Pursuant to 28 U.S.C. § 2244(d), a petitioner has one year from the date his judgment of conviction becomes final within which to file a petition for writ of habeas corpus. Where, as here, a Missouri petitioner does not seek transfer to the Missouri Supreme Court after direct appeal, his judgment becomes final upon expiration of the time within which to seek such discretionary review, that is, fifteen days after the court of appeals issues its opinion. Gonzalez v. Thaler, ___ U.S. ___, 132 S. Ct. 641 (2012); Mo. S. Ct. R. 83.02. Accordingly, petitioner's judgment of conviction here became final on June 20, 2012, fifteen days after the Missouri Court of Appeals affirmed his conviction on direct appeal. The Court will assume, for the sake of argument only, that the one-year limitations period was tolled during the pendency of petitioner's untimely post-conviction proceedings, that is, from May 6, 2013, through March 14, 2014. Adding the 320 days between June 20, 2012, and May 6, 2013; and the 304 days between March 14, 2014, and the postmark date of January 12, 2015, a total of 624 days had elapsed by the date the petition was placed in the prison mailbox, thus making the petition untimely. As a result, this action must be dismissed.

Finally, petitioner has failed to demonstrate that jurists of reason would find it debatable whether the petition is untimely. Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that the petition of Kelvin O. Mosby, Jr., for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254 is **denied**.

An Order of Dismissal will be filed separately.

Dated this 3rd day of March, 2015.

                                                    CAROL E. JACKSON
                                                    UNITED STATES DISTRICT JUDGE